```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------  x
    SHAKEEM BOYKINS, KEVIN WINT,                    :
    PRINCETON ANTOINE,                              :
                                                    :
                                   Plaintiffs,      :    SHORT FORM
                                                    :    MEMORANDUM AND
         -against-                                  :    ORDER
                                                    :
                                                    :    13-cv-2299 (ENV) (RER)
    CITY OF NEW YORK, POLICE OFFICER                :
    VLADIMIR RAVICH, SHIELD NO. 14673,              :
    POLICE OFFICER THEODORE PETERS,                 :
    SHIELD NO. 13285, SERGEANT THOMAS               :
    TURNER, SHIELD NO. 02747, POLICE                :
    OFFICER JOHN DOE 1,                             :
                                                    :
                                   Defendants.      :
                                                    :
----------------------------------------------------------------  x
```

VITALIANO, D.J.

   Jury selection in this matter is scheduled to begin on December 11, 2017. The parties have each filed evidentiary motions *in limine*. (Pls.' Mot in Limine, ECF No. 43; Defs.' Mot in Limine, ECF No. 47). After the initial filings, in their reply, defendants included a supplemental motion in limine. (Defs.' Reply, ECF No. 53). Having fully considered the motion papers, and seeing no need for further argument, the motions in limine are resolved in the manner, and for the reasons, set forth in the following tables.

## I. Plaintiffs' Motions *in Limine*

| Request | Ruling |
| --- | --- |
| A. Plaintiffs move to exclude several YouTube videos and photos that purportedly demonstrate their membership in the "Loopy Gang." (Defs.' Exs. Y & Z in JPTO, ECF No. 42.) | A. Rule 403 of the Federal Rules of Evidence[1] requires the weighing of the probative value of proffered evidence against the likelihood of its creating unfair prejudice. Under the strictures of Rule 403, any relevance that evidence of plaintiffs' gang membership, offered mainly to show such membership, might have in this case is substantially outweighed by the danger of unfair prejudice, confusing the issues and misleading the jury. Such a proffer risks the jury finding against plaintiffs on account of their status as gang members alone. Defendants contend that gang membership goes to show whether defendants had probable cause to arrest. But, that argument misses the mark because, despite its title, gang assault in the second degree does not include gang membership as an element. *See* N.Y. Pen. L. § 120.06. The absence of gang membership as an element of the crime vastly reduces the probative value of the evidence. This is not to say that gang membership is irrelevant to |

---

[1] Unless otherwise indicated, any reference to a rule in this short form order will be to a rule of the Federal Rules of Evidence.

| Request | Ruling |
|---|---|
| | proving gang assault; it is only to say that, assuming that there is relevant purpose to the proffer, Rule 403 balancing bans it. It is true that such evidence showing plaintiffs' membership as a motive for the assault may be appropriate under Rule 404(b). A proffer under that rule, however, does not escape the reach of Rule 403. *See, e.g.*, *United States v. Shellef*, 507 F.3d 82, 101 (2d Cir. 2007).<br><br>Additionally, such evidence is not admissible under Rule 608(b) because gang membership is not probative of plaintiffs' character for untruthfulness. Lastly, this evidence has no relevance to damages. Even assuming some relevance that would entitle defendants to seek admission of plaintiffs' gang membership into evidence at trial, any relevance is still substantially outweighed by the danger of unfair prejudice and jury confusion. The motion to preclude such evidence is, therefore, granted upon application of Rule 403 balancing. |
| B. Plaintiffs move to exclude (i) data from Kevin Wint's cellphone, along with (ii) | B. (i) There appears to be no substantial dispute that the cellphone contains no recording of the contested incident or other significantly relevant information. Introduction |

| Request | Ruling |
|---|---|
| the search warrant and corresponding affidavit for the search of that cellphone. (Defs.' Exs. V-X in JPTO.) | of the cellphone and its contents are, consequently, precluded. This ruling does not bar, as plaintiffs concede, inquiry by defendants to establish that no such information was recorded or related information contained on Wint's cellphone. Nor does it bar renewal of a defense application to admit all or part of such evidence should plaintiffs claim that they sought to or did record such information on the cellphone.<br>(ii) The search warrant and affidavit are irrelevant, especially given that these documents sought information unrelated to the subject incident. Plaintiffs' motion to bar introduction of this evidence is granted. |
| C. Plaintiffs move to exclude a letter sent by plaintiffs' counsel asking the NYPD to destroy photographs of plaintiffs taken after their arrest. (Defs.' Ex. AA in JPTO.) | C. The letter of counsel is probative of nothing and is, correspondingly, inadmissible under Rules 401 and 402. If the photos exist, they—not counsel's letter—might be probative of, *inter alia*, damages. Furthermore, even had the letter been probative, the jury confusion that it would likely engender would bar it under Rule 403. Accordingly, plaintiff's motion is granted. |
| D. Plaintiffs move to exclude | D. <u>Substantive Evidence</u>: Turning first to nonimpeachment uses, information regarding plaintiffs' prior convictions |

| Request | Ruling |
| --- | --- |
| their rap sheets, their prior criminal convictions and Boykins's prior federal indictment, sentencing opinion and transcript from a case unrelated to the incident in question. (Defs.' Ex. M-O in JPTO.) | and other contacts with the criminal justice system are inadmissible propensity evidence under Rule 404(b). Defendants' contention that the convictions qualify for another permissible purpose under Rule 404(b)(2), such as absence of mistake, intent, motive or bias is unavailing. Moreover, any probative value is substantially outweighed by the danger of unfair prejudice and misleading the jury, i.e., the risk that the jury might find against plaintiffs on the basis of their purported criminal convictions or other prior contacts with the criminal justice system.[2]<br><br>Impeachment: Switching gears to the admission of evidence for impeachment purposes, defendants claim that Boykins's purported arrest for providing a false identification and plaintiffs' probation violations are admissible under Rule 608(b). Although the Court will permit defendants to inquire on cross examination into |

---

[2] The ruling is, of course, prefaced by an extra large caution flag. If a plaintiff testifies regarding alleged emotional damage, such testimony might likely open the door to the admission of additional details concerning the plaintiff's criminal history. *See Banushi v. Palmer*, No. 08-cv-2937 (KAM)(JO), 2011 WL 13894, at *3 (E.D.N.Y. Jan. 4, 2011), *aff'd*, 500 F. App'x 84 (2d Cir. 2012); *Phillips v. City of New York*, 871 F. Supp. 2d 200, 207 (E.D.N.Y. 2012). Most importantly, if plaintiffs intend to elicit such testimony, the Court expects to be so advised at the final pre-trial conference and it will take its ruling at that time.

| Request | Ruling |
| --- | --- |
| | this arrest since it is probative of Boykins's character for untruthfulness, they may not so inquire regarding plaintiffs' probation violations because they do not bear on plaintiffs' truthfulness. *See United States v. Vasquez*, 840 F. Supp. 2d 564, 574-75 (E.D.N.Y. 2011). Momentarily putting to one side plaintiffs' criminal convictions, all other evidence of plaintiffs' contacts with the criminal justice system are inadmissible for impeachment purposes.<br>With regard to plaintiffs' purported criminal convictions, Rule 609(a)(1)(A) provides that a witness's conviction for a crime punishable by a term of more than one year in prison may be utilized as impeachment, subject to the balancing test of Rule 403. If the conviction is more than ten years old, Rule 609(b) further provides that "[e]vidence of the conviction is admissible only if . . . its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect." "[I]n balancing probative value against prejudicial effect under this rule, courts examine the following factors: (1) the impeachment value of the prior |

| Request | Ruling |
|---|---|
| | crime, (2) the remoteness of the prior conviction, (3) the similarity between the past crime and the conduct at issue, and (4) the importance of the credibility of the witness." *Jean-Laurent v. Hennessy*, 840 F. Supp. 2d 529, 544 (E.D.N.Y. 2011) (citation omitted). Where admission of multiple convictions is sought, "the aggregate prejudicial effect of [both] convictions must [next] be weighed against their probative value," because, "[o]nce a prior felony has been presented to the jury, the incremental value of additional convictions may be diminished." *United States v. White*, No. 08-cr-682 (NGG), 2009 WL 4730234, at *5 (E.D.N.Y. Dec. 4, 2009) (citing *United States v. Washington*, 746 F.2d 104, 107 (2d Cir. 1984) (Newman, J., concurring)). For admissible convictions, a court should admit evidence of "the statutory name of the offense, the date of conviction, and the sentence imposed." *United States v. Estrada*, 430 F.3d 606, 617 (2d Cir. 2005). The Court is not presently in a position to balance specific convictions because when this motion was briefed the parties had not yet received the certificates of disposition. To date, no such |

| Request | Ruling |
|---|---|
| | certificates have been submitted to the Court. Accordingly, the Court reserves decision until the pre-trial conference regarding the admission of plaintiffs' criminal convictions for impeachment purposes only. *See Jean-Laurent*, 840 F. Supp. 2d at 540. The motion is therefore granted in part, denied in part and decision reserved in part. |
| E. Plaintiffs move to exclude litigation documents, i.e., plaintiffs' notices of claim, complaint, amended complaint, and discovery requests. (Defs.' Ex. EE-HH in JPTO.) | E. The whole hog introduction of litigation documents by any party will simply not be permitted. These documents may, of course, be used, where appropriate, to impeach a witness upon the showing of a ground for impeachment. Discrete excerpts of litigation documents may be utilized, where appropriate, as admissions. *See* FRE 801(d)(2); *Zitz v. Pereira*, 119 F. Supp. 2d 133, 140-41 (E.D.N.Y. 1999), *aff'd* 225 F.3d 646 (2d Cir. 2000). Such discrete proffers, however, are to be made *in limine*, and defendants have not done so. At this point, no such proffer will be accepted at trial. |

II. **Defendants' Motions** *in Limine*

| Request | Ruling |
|---|---|
| A. Defendants move to preclude (i) any disciplinary history or current lawsuits against defendants or nonparty police officer witnesses, (ii) any reference by plaintiffs to unrelated purported instances of police misconduct, news media reports, class actions, or criminal investigations and (iii) any use by plaintiffs of "terminology and colloquialisms such as 'testilying' and 'blue wall of silence.'" | A. (i) For evidence of prior complaints against a police officer to be admissible under Rule 404(b) for the purpose of establishing a pattern of conduct, and assuming that the conduct actually occurred prior in time, "the extrinsic acts must share unusual characteristics with the act charged or represent a unique scheme." *Berkovich v. Hicks*, 922 F.2d 1018, 1022 (2d Cir. 1991) (internal quotations and citation omitted); *see also Ferreira v. City of Binghamton*, No. 3:13-CV-107, 2016 WL 4991600, at *3 (N.D.N.Y. Sept. 16, 2016). But, because plaintiffs have not sought *in limine* to do so and defendants do not specify any disciplinary proceedings or lawsuits they believe plaintiffs might seek to admit for the most part, there is nothing for the court to decide[3] (the exception is the Fields lawsuit referenced *infra*). In their response, plaintiffs do identify a purported lawsuit by Jaleel Fields against defendant Vladimir Ravich. The alleged conduct in the Fields suit, however, does not |

---

[3] Should plaintiffs seek to admit such evidence, they are required to move to do so *in limine* before the upcoming pre-trial conference.

| Request | Ruling |
|---|---|
| | share sufficient unusual characteristics with the present conduct at issue, nor does it represent a unique scheme. The fact that Ravich allegedly assaulted a person who was purportedly photographing him is not sufficient. Most assuredly, in any event, the slight probative value of this evidence, as plaintiff would proffer it, is far outweighed by its potential for unfair prejudice and the confusion these unrelated facts would cause, i.e., the jury concluding that Ravich violated plaintiffs' civil rights because he had allegedly done so to other individuals. Accordingly, the motion is granted with respect to the Fields lawsuit, subject to an application at trial by plaintiffs that Ravich's testimony at trial somehow opened the door to this evidence.<br><br>(ii) Defendants' broad request to prevent any references to any allegations of police misconduct cannot be evaluated in a vacuum, and, as presented in their motion, is vague and lacking precise definition. Accordingly, this motion is denied, with leave for defendants to raise more specific objections at the pre-trial conference and at trial. Plaintiffs are reminded, of course, that the incidents |

| Request | Ruling |
|---|---|
| | alleged in the complaint are what is on trial, not the conduct of police officers at other times and places and under other circumstances. Their arguments should reflect that understanding.

(iii) Similarly, but keeping in mind the caution to plaintiffs in (ii) above, without the benefit of context in which the phrase is used at trial, the Court is in no position now to peremptorily censor plaintiffs' speech. That said, it is hard to imagine in what circumstances references to "testilying" and "blue wall of silence" could ever be appropriate. In any event, defendants' motion to bar certain terminology is denied, with leave for defendants to make more specific objections at the pre-trial conference and at trial. |
| B. Defendants move (i) to remove the City of New York from the caption, (ii) that the jury not be instructed on *respondeat superior*, (iii) to preclude | B. (i) The City of New York is a defendant based solely on a *respondeat superior* theory of liability. Although defendants' motion is somewhat unclear (it appears that certain language was lifted from another case with different defendants), it appears that defendants concede that they were acting in the scope of their employment |

| Request | Ruling |
|---|---|
| plaintiffs from referring to defense counsel as "city attorneys" and (iv) to preclude evidence of indemnification. | and that the City will be liable if the defendants are liable. Subject to defendants in fact making this concession, because the limited probative value of including the City of New York in the caption is significantly outweighed by the danger of unfair prejudice and confusing the jury as to whether the conduct of the City is at issue, defendants' motion is granted, to the extent that the City of New York will be removed from the caption of any document submitted to the jury. *See Estate of Jaquez v. Flores*, No. 10 Civ. 2881 (KBF), 2016 WL 1060841, at \*12 (S.D.N.Y. Mar. 17, 2016); Order, *Calderon v. City of New York*, No. 14 Civ. 1082 (PAE) (S.D.N.Y. July 28, 2016) (ECF No. 99).<br><br>(ii) This matter will be reserved until the final pre-trial conference.<br><br>(iii) Plaintiffs have raised no specific objections to defendants' request that defense counsel not be referred to as "city attorneys." Defendants' motion is granted to the extent that plaintiff will not be permitted to refer to defense counsel as "city attorneys." To maintain a level |

| Request | Ruling |
|---|---|
| | playing field, the jury will be instructed once, at the beginning of trial, that "defendants are represented by attorneys from the Office of the New York City Corporation Counsel because they are members of the New York City Police department, which is an agency of the City of New York." *See Jean-Laurent v. Hennessy*, 840 F. Supp. 2d 529, 550 (E.D.N.Y. 2011).<br><br>(iv) Similarly, plaintiffs raise no specific objections to defendants' request to preclude evidence of indemnification. Accordingly, as for indemnification, defendants' motion is granted to the extent that plaintiff will not be permitted to refer to or suggest the possibility that the City will indemnify the defendant officers. If, however, defendants open the door by offering argument or evidence of the officers' limited financial capacity, plaintiff may move for reconsideration of this ruling. *See Anderson v. Aparicio*, 25 F. Supp. 3d 303, 314 (E.D.N.Y. 2014), *aff'd and remanded sub nom. Anderson v. Cty. of Suffolk*, 621 F. App'x 54 (2d Cir. 2015); *cf. Provost v. City of Newburgh*, 262 F.3d 146, 163-64 (2d Cir. 2001). |

| Request | Ruling |
|---|---|
| C. Defendants seek to preclude (i) Robyn Lear and (ii) Dr. Collie Oudkerk from testifying. | C. (i) Upon defendants' concession that the criminal cases against plaintiffs were terminated favorably, the motion to preclude testimony to that effect by Attorney Robyn Lear is granted. *See* FRE 403.<br><br>(ii) On this record, the motion to preclude Dr. Oudkerk's testimony is granted. Dr. Oudkerk was not noticed as an expert, yet that is precisely the purpose for which plaintiffs seek to call him: to provide explanation of the terms used in the hospital records. The subsidiary purpose for which he would be called is to qualify those records for admission. Yet, nothing in the record suggests that he is the custodian of those records or that he would be able to lay a business records foundation for them. In any event, unless there is a bona fide reason not to, the parties should stipulate to the admissibility of these medical records for business records purposes but subject to other valid objections. |
| D. Defendants move to preclude plaintiffs from suggesting a specific dollar | D. The motion is denied, except that plaintiffs' counsel will only be permitted—solely in the context of closing argument—to state what liability and damages the |

| Request | Ruling |
|---|---|
| amount to the jury. | evidence has established, and to submit a specific dollar amount that plaintiffs contend is reasonable compensation for their loss. The Court will instruct the jury that statements by lawyers in closing are nothing more than argument. *See Edwards v. City of New York*, No. 08-2199 (TLM), 2011 WL 2748665, at *2 (E.D.N.Y. July 13, 2011); *see also Lightfoot v. Union Carbide Corp.*, 110 F.3d 898, 912 (2d Cir. 1997). |
| E. Defendants move to preclude plaintiffs from introducing the "Finest Message" and the NYPD Patrol Guide (Pls.' Exs. 2-3 in JPTO) into evidence because they are irrelevant. | E. Plaintiffs assert that they seek to introduce this evidence to (i) show defendants' departure from policing standards, (ii) refute any qualified immunity defense and (iii) demonstrate the malice element of their malicious prosecution claim. Given that defendants have failed to include the text of the Finest Message or the NYPD Patrol Guide that they seek to preclude, the Court reserves decision on this motion. Again, it is contemplated that, in light of the defense objection, that plaintiffs should identify *in limine* what text they seek to admit. It is anticipated that the proffer will be made at the pre-trial conference, and the motion will be resolved at that time. |

## III. Defendants' Supplemental Motion *in Limine*

| Request | Ruling |
| --- | --- |
| A. Defendants seek to preclude any testimony from Robyn Lear regarding grand jury proceedings. | A. Because the Court has already concluded that Lear will be precluded from testifying, *see* II.C. *supra*, the motion is denied as moot. |

So Ordered.

Dated: Brooklyn, New York
November 22, 2017

ERIC N. VITALIANO
United States District Judge

16